**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 14, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-30412
Summary Calendar

SHELBA J. GREGG, wife of; FRANK D. GREGG,

Plaintiffs-Appellants,

VERSUS

JOHN W. LINDER, II; ET AL

Defendants.

JAMES O. M. WOMACK

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:

This is a separate appeal taken from the same proceedings in the district court as described in Appeal No. 03-30276, which we have decided contemporaneously herewith. During the pre-trial and discovery stages of this legal malpractice action, one of the defendants, James O.M. Womack (hereinafter referred to as "Womack")

filed a motion on October 22, 2002, seeking to compel the plaintiffs to respond to discovery requests. Womack also filed a motion on December 11, 2002, seeking to recover attorneys fees and costs against the plaintiffs for their failure to voluntarily provide discovery responses. Both of these motions were referred to the magistrate judge for consideration and action pursuant to the local rules of the district court. The magistrate judge conducted a hearing on the motion to compel which resulted in a granting in part and denial in part of such motion; and the motion for attorneys fees and costs was deferred for a later consideration when Womack had documented his claim in that regard. Thereafter all of the defendants including Womack filed motions for summary judgment on the grounds that the claims of plaintiffs were pre-empted under Louisiana law and such motion was heard and considered by the district judge and on March 11, 2003, the district judge entered an order and reasons granting such motion for summary judgment. Plaintiffs filed a timely notice of appeal on March 17, 2003, designated the record for appeal on that date and paid their appeal fee on March 18, 2003. On March 28, 2003, the magistrate judge entered an order determining that Womack's motion to compel is "granted to the extent Womack seeks to recover attorneys fees and costs" and further ordered that such attorneys fees and costs were "granted in the amount of $2,087.50." On April 10, 2003, the plaintiffs filed a notice of appeal as to this order of the magistrate judge and timely made payment of their appellate fee.

We dismiss this appeal, No. 03-30412, for lack of appellate jurisdiction. The district court's docket sheet indicates that no objection was made by plaintiffs to the entry of the magistrate judge's order and the district judge has not reviewed and considered the magistrate judge's order. In the absence of any approval by the district judge of the entry of the order by the magistrate judge in this case, such order does not constitute a final decision of the district court. The only circumstance in which an order of a magistrate judge may be appealed directly to this Court is described in 28 U.S.C. § 636 (c)(1) and (3). We find no consent of the parties as required by these statutes for the final handling by the magistrate judge of any matter in this case. In fact, the grant of summary judgment in favor of defendants was made by the district judge and it contains no reference of any kind relating to any claim of attorneys fees by defendant Womack. We therefore dismiss this appeal for lack of appellate jurisdiction. DISMISSED.